# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**STEVEN CODY**  
**ADC #145160**                                                                                   **PLAINTIFF**

v.                                          No: 5:16-cv-00296 PSH

**MICHAEL RICHARDSON,** *et al.*                                                                  **DEFENDANTS**

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff Steven Cody (a/k/a Ishmael Obama) filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 21, 2016 (Doc. No. 1). In the complaint, he alleged that Captain Michael Richardson, Warden Randy Watson, Sergeant Patricia Gooley, and McConnell (the "Defendants") failed to protect him from assaults by other inmates.

Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Cody had not exhausted claims against them before he filed this lawsuit (Doc. Nos. 46-48). In response, Cody filed a motion for summary judgment, brief in support, and a statement of facts (Doc. Nos. 52-54). Cody's motion and supporting pleadings are copies of the Defendants' pleadings with some words marked out and additional language added. Defendants filed a reply to those pleadings (Doc. No. 56), and a response to Cody's statement of undisputed facts (Doc. No. 57). Cody recently filed a motion for a temporary restraining order in which he alleges one of the defendants is verbally assaulting him (Doc. No. 63).

Because defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute, the Defendants are entitled to summary judgment

as a matter of law. The Court also denies Cody's motion for summary judgment and motion for a temporary restraining order.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

Defendants argue they are entitled to summary judgment because Cody failed to exhaust his administrative remedies as to his claim against them before he filed this lawsuit. In support of their claim that Cody failed to exhaust his administrative remedies, Defendants submitted the

ADC's grievance policy; a declaration by Barbara Williams, the ADC's Inmate Grievance Supervisor; a copy of Grievance VSM16-03124; and a copy of Grievance VSM16-3126 (Doc. Nos. 47-1 – 47-4).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 47-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal

grievance. *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. An inmate must include the original Unit Level Grievance Form with his or her appeal. *Id.* at 11. Once the Chief Deputy/Deputy/Assistant Director responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

According to Williams' declaration, Cody submitted two grievances that could potentially relate to the issues of this case: VSM16-03124 and VSM16-03126. Doc. No. 47-2 at 1. Both grievances were filed on September 20, 2016, the day before this lawsuit was filed. In Grievance VSM16-03124, Cody alleged that he notified Richardson and Cooley that he could not go to barracks 10 because of Aryan inmates waiting to assault him. Cody did not name Watson or McConnell in VSM16-03124. The warden responded to VSM16-03124 on October 4, 2016. The grievance was found without merit, and was appealed by Cody on October 6, 2016. Grievance VSM16-03126 named Richardson and Watson.[1] VSM16-03126 was rejected on September 20, 2016, as duplicative of VSM16-03124. Cody appealed the rejection on October 3, 2016, and the appeal was denied on November 15, 2016.

Pursuant to the ADC's grievance policy, inmates must exhaust administrative remedies at all levels of the procedure in order to exhaust their administrative remedies. The grievances filed

---

[1] Defendants also argue that Defendant McConnell is entitled to summary judgment because he was not named or described in either grievance. *See e.g.*, *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014) (finding claim not exhausted where the "ADC was not asked to evaluate the [the defendant] or the distinct § 1983 claims first asserted" by the prisoner in the lawsuit). The Court does not reach this argument because it finds Defendants are entitled to summary judgment on other grounds.

4

by Cody are unexhausted because he did not complete the appellate process before he filed this lawsuit. Proper exhaustion "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

In his motion for summary judgment and accompanying brief, Cody maintains that exhaustion is not required in emergency situations and that he filed the lawsuit under the "imminent danger clause." There is no imminent danger exception to the PLRA's exhaustion requirements. *See Johnson v. Russell*, No. 5:15CV00129-JLH-JJV, 2015 WL 4506412, at *3 (E.D. Ark. July 23, 2015) ("The Eighth Circuit has excepted inmates from PLRA exhaustion compliance in two circumstances, namely 'when prison officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures.'") (quoting *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted)). Cody does not argue that either exception applies to this case; his use of the grievance procedure on September 20, 2016 shows that it was available to him. Further, he cannot show that any failure to follow the grievance procedure led to his filing this lawsuit on September 21, 2016, before receiving a response to his September 20 grievances. Even if Cody subjectively believed that completing the grievance procedure would not adequately address his complaints, he was still required to exhaust. *See Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.").

Additionally, the ADC grievance procedure does not provide an exception to administrative exhaustion requirements because an inmate is in fear of imminent danger. Rather, Administrative Directive 14–16 provides for expedited grievances in emergency situations. An

inmate may fill in the date beside "Emergency Grievance" on the Unit Level Grievance Form to designate an emergency, and present the form to any staff, preferably the designated problem-solving staff. If that staff determines that an emergency does exist, corrective action is to be taken as soon as possible and no later than twenty-four (24) hours. Cody marked each of his grievances as emergencies, but he did not wait for a response before filing this lawsuit the next day.

Because Cody did not fully complete the ADC's grievance procedure by waiting on decisions on his appeals before filing this lawsuit, he did not properly exhaust his administrative remedies with respect to his claims against Defendants. Accordingly, summary judgment is entered in favor of Defendants, and Cody's claims against them are dismissed without prejudice.

## IV. Conclusion

For the reasons described herein, Defendants' motion for summary judgment (Doc. No. 46) is granted, and Cody's claims against Defendants are dismissed without prejudice. Further, Cody's motion for summary judgment (Doc. No. 52) is denied, and his motion for temporary restraining order (Doc. No. 63) is also denied.[2] The Court certifies that an *in forma pauperis* appeal taken from this order and the accompanying judgment is considered frivolous and not in good faith.

SO ORDERED this 12th day of December, 2017.

                                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Cody's motion for a temporary restraining order is unrelated to this lawsuit. He alleges that one of the defendants has verbally harassed him recently. Even if this case were not subject to dismissal, the injunctive relief Cody seeks is inappropriate. **Error! Main Document Only.**A preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside issues in the suit." *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Additionally, verbal insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992).